IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| LEWIS GALE THORP, | Cause No. CV 12-16-BLG-RFC |
| Petitioner, | |
| vs. | ORDER DISMISSING CASE DENYING CERTIFICATE OF APPEALABILITY |
| MONTANA STATE SUPREME COURT; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On February 15, 2012, Petitioner Lewis Gale Thorp filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Thorp is a state prisoner proceeding pro se.

Thorp asks this Court to appoint counsel to represent him in a pending postconviction appeal in the Montana Supreme Court.[1] Pet. (doc. 1) at 3 ¶ 12 (citing No. DA 11-0345 (filed Mont. June 14, 2011); *id.* at 6 ¶ 18. Assuming, for the sake

---

[1] Thorp has also moved in the Montana Supreme Court to stay proceedings there pending a decision in this case. Mot. for Stay at 1-2, *Thorp v. State*, No. DA 11-0345 (Mont. filed Feb. 16, 2012), *available at* http://supremecourtdocket.mt.gov (accessed Feb. 17, 2012).

ORDER / PAGE 1

of argument, Thorp alleges violation of a constitutional right to due process cognizable under 28 U.S.C. § 2254(a) or otherwise raises a federal question, *id.* § 1331, his petition is nonetheless premature. With few and narrow exceptions, federal courts do not interfere in ongoing state proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975); *Younger v. Harris*, 401 U.S. 37 (1971); *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972). There is nothing unusual about Thorp's case and no reason to except it from the general rule. *Compare Phillips v. Vasquez*, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (appeal pending in state court for 15 years warranted exception from *Younger* abstention). The petition will be dismissed.

A certificate of appealability is not warranted. Thorp attempts to bring the federal court into an ongoing state postconviction appeal filed in June 2011. The State filed its response brief in mid-November, one month after Thorp filed his opening brief. Proceedings have been prolonged only by Thorp's own delay in filing his reply to the State's response brief and, now, an action in federal court. No reasonable jurist could find a basis for further proceedings in federal court at this time. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Petition (doc. 1) is DISMISSED.

2. The Clerk of Court shall enter by separate document a judgment of dismissal.

3. A certificate of appealability is DENIED.

4. No motions for reconsideration or other filings will be considered. This case is CLOSED.

DATED this 17th day of February, 2012.

Richard F. Cebull, Chief Judge
United States District Court